DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ADANAN JAVAN,** a/k/a **AJ JAVAN,** an individual,
**SINGER 5070, LLC,** a Florida limited liability company,
**SINGER 5070 2, LLC,** a Florida limited liability company,
**SEAWINDS 20D SOUTH, LLC,** a Florida limited liability company and
**SEAWINDS 10D SOUTH, LLC,** a Florida limited liability company,
Appellants,

v.

**SEAWINDS SOUTH CONDOMINIUM ASSOCIATION, INC.,**
a Florida not for profit corporation, **MARC R. CUTLER**, an individual,
and **KENNETH YESSIN,** an individual,
Appellees.

No. 4D20-2300

[June 30, 2021]

Appeal of a nonfinal order from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Cymonie Rowe, Judge; L.T. Case No. 502020CA007948.

John R. Sheppard, Jr., of Cohen, Norris, Wolmer, Ray, Telepman, Berkowitz & Cohen, North Palm Beach, for appellants.

Lissette Gonzalez and Alexandra Valdes of Cole Scott & Kissane, P.A., Miami, for appellees.

GERBER, J.

We affirm without discussion the circuit court's order granting appellees' motion to dismiss count 1 of appellants' complaint and referring that count to mandatory nonbinding arbitration pursuant to section 718.1255, Florida Statutes (2019). *See* § 718.1255(4)(a), Fla. Stat. (2019) ("*Prior to the institution of court litigation*, a party to a dispute shall petition the [D]ivision [of Florida Condominiums, Timeshares, and Mobile Homes of the Department of Business and Professional Regulation] for nonbinding arbitration.") (emphasis added); § 718.1255(1)(b)2.-3., Fla. Stat. (2019) ("As used in this section, the term 'dispute' means any disagreement between two or more parties that involves … [t]he failure of a governing body, when required by this chapter or an association document, to …

[g]ive adequate notice of meetings or other actions ... [or] [p]roperly conduct meetings ....").

However, to the extent the circuit court's written order inadvertently referred both counts of appellants' complaint to mandatory nonbinding arbitration – contrary to appellees' hearing concession that count 2 of the appellants' complaint does not allege a "dispute" as defined in section 718.1255(1) and, therefore, is not subject to mandatory nonbinding arbitration under section 718.1255 – we remand for the circuit court to enter a new written order, limiting its disposition of appellees' motion to dismiss to only count 1 of appellants' complaint.

We further observe that, although the parties fully argued appellees' motion to dismiss count 2 of appellants' complaint, the circuit court has not entered a ruling thereon. Because the circuit court has not entered that ruling, our review of those arguments would be premature. Thus, we also remand for the circuit court to review the record and hearing transcript, and enter its ruling on appellees' motion to dismiss count 2 of appellants' complaint.

*Affirmed in part, remanded in part with instructions.*

CONNER and KLINGENSMITH, JJ., concur.

\*          \*          \*

**Not final until disposition of timely filed motion for rehearing.**